PEOPLE ex rel. PETERSON v. McFARLINE.

PEOPLE v. PETERSON.

(Supreme Court, Appellate Division, Fourth Department. February 6, 1898.)

HABEAS CORPUS—DECISION.
　　Where the evidence before a justice was sufficient to require him to decide whether there was probable cause that defendant committed the offense, and he so finds, an order, upon habeas corpus, discharging the defendant from custody, was held erroneous.

Appeal from special term, Erie county.

Chris Peterson was charged before a justice with an offense, and, in default of bail, committed to custody. On habeas corpus against James A. McFarline, sheriff of Wyoming county, he was discharged, and the sheriff appeals. Reversed, writ dismissed, and relator remanded to custody.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Elmer E. Charles, for appellant.
Brown & Coleman, for respondent.

HARDIN, P. J. Upon reading the evidence, there seems to be sufficient in the depositions and the evidence taken before the justice to call upon him to decide whether the offense had been committed by the defendant or not. He decided that there was probable cause to believe that there had been a violation of the law by the defendant, and thereupon required him to give bail; and, in default thereof, he committed him to the custody of the sheriff of Wyoming county, there to remain until discharged by law. The contention of the relator that the evidence failed to show probable cause that the defendant was guilty of the crime cannot be supported. The police justice, by virtue of section 1, c. 335, tit. 8, Laws 1882, was clothed with jurisdiction to hear a case such as is made by the depositions and evidence produced before him. The special term erroneously discharged the relator from the custody of the sheriff of Wyoming county upon a writ of habeas corpus. The or-

der granting the discharge should be reversed, and the writ of habeas corpus dismissed, and the relator remanded to the custody of the sheriff of Wyoming county.

Order discharging the relator reversed, and the writ of habeas corpus dismissed, and the relator remanded to the custody of the sheriff of Wyoming county. All concur.