BACON v. AMERICAN SURETY CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department. July 17, 1900.)

INTERPLEADER—CREDITORS ATTACHING JUDGMENT.

Where a judgment creditor assigned his judgment, which was thereafter affirmed on appeal, the surety on the appeal bond, having been attached in a suit against the judgment creditor, is entitled to pay the amount of his liability into court, and file a bill of interpleader against the assignee and attaching creditor.

Appeal from special term, New York county.

Action by Alexander S. Bacon against the Sterlingworth Railway-Supply Company and others. From an order denying the motion of the American Surety Company, surety on the appeal bond, for interpleader, the surety company appeals. Reversed.

Argued before PATTERSON, P. J., and HATCH, RUMSEY, and O'BRIEN, JJ.

Charles C. Marshall, for appellant.
George E. Joseph, for respondent.

O'BRIEN, J. On the 9th of November, 1896, the Magnolia Metal Company recovered a judgment against the Sterlingworth Railway-Supply Company and Frank W. Coolbaugh and Lewis R. Pomeroy for $10,651.82. The claim upon which it was recovered was against the supply company as principal and Coolbaugh and Pomeroy as guarantors, and the suit to recover the amount was begun in July, 1895, by an action against the supply company and another against the guarantors; the two being consolidated on April 23, 1896. Such being the condition of affairs, one Goldmark in April, 1897, procured an attachment in an action brought by him against the Magnolia Metal Company and served it upon the supply company. This attachment, so far as appears, was valid and properly served, and the question of its validity should be left for determination on the trial. On the 25th of January, 1898, the Magnolia Company assigned its claim against the supply company and the two guarantors to Alexander Bacon, the plaintiff herein. From the judgment against the supply company and the guarantors appeals were taken, and the defendant here gave the usual undertaking upon appeal, staying the proceedings upon the judgment. The judgment was affirmed, and thereupon Bacon, as assignee of the judgment, brought this action against the defendant, as surety. Before this action was brought, however, the defendant had been notified by Goldmark of his attachment, and that he claimed a lien by virtue thereof on the judgment against the supply company. After Bacon had begun the suit the defendant moved for an order of interpleader to substitute Goldmark as defendant, offering to pay the money which was due into court. This motion was denied, and from the order so entered this appeal is taken.

While it is questioned whether the debt upon which the judgment was recovered against the supply company and the guarantors was a debt of the supply company as principal, and the other persons as guarantors, or not, when the judgment was finally entered, it was a joint judgment, which bound all the parties, and upon which execution could only be issued against all. We think, therefore, that the service of the attachment against the principal debtor was sufficient to bind all the others, and the attachment then became an apparent outstanding lien, not only against the supply company, but against Coolbaugh and Pomeroy as well; and when the defendant received notice of this lien it was entitled to protect itself against it, which could only be done by interpleading the attaching creditors.

It is said that Goldmark has no standing in this action, because he should be joined with the sheriff, and is not; but that objection is not well taken, because the fact that he should join any one else with him is not a sufficient reason why this motion should not be granted against him alone. It appearing, therefore, that the surety company has no interest beyond a liability for a sum of money to which two

adverse parties make claim, it should be allowed to pay the money into court; thus freeing itself from the risk of a double liability and leaving the litigation where it properly belongs,—between the two adverse parties who assert a right or lien in or to the fund.

We think that the facts justified the granting of the motion for an interpleader, and that the order denying it should be reversed, with $10 costs and disbursements, and the motion granted, without costs. All concur.