(55 App. Div. 612.)

GRELL, Sheriff, et al. v. GLOBE & RUTGERS FIRE INS. CO. et al.

(Supreme Court, Appellate Division, First Department. December 7, 1900.)

INTERPLEADER—GROUNDS.

Where, in a suit against an insurance company under an attachment levied on an adjusted claim due the attachment defendant, the company set up that a third person had sued for the fund, claiming under an alleged assignment, the fact that the company has a valid defense to the latter action by reason of the one-year limitation clause in its policy is not ground for denying the interpleader, since the company has a right to waive the defense.

Appeal from special term, New York county.

Action by William F. Grell, as sheriff of the county of New York, and another, against the Globe & Rutgers Fire Insurance Company, impleaded, etc., to recover under an attachment levied on defendant in an action against a third person. From an order denying its motion for an interpleader, defendant insurance company appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

William P. Prentice, for appellant.
Henry U. Hart, for respondents.

O'BRIEN, J. On July 19, 1899, certain property of one Charles H. Leggett, insured under a policy issued to him by the Globe & Rutgers Fire Insurance Company, was destroyed by fire. Proof of loss was presented, and it was adjusted at the sum of $850. Thereafter Henry A. Lozier, the co-plaintiff herein, began an action against Leggett to recover the amount of two promissory notes, and in that action procured a warrant of attachment, by virtue of which he attached the money due Leggett by the insurance company on the adjusted loss then unpaid. After Lozier had obtained judgment, he issued an execution, and demanded from the insurance company sufficient of the attached fund to satisfy the execution. This demand was refused by the company, and the present action was accordingly begun against it to compel it to pay over the amount. Thereupon the company sought to interplead Leggett and one John S. Butcher, who it was informed made some claim to the fund, which motion was denied, and thereafter the company answered by general denial. The complaint was then amended, and before the time to answer had expired Butcher filed with the company notice of claim to the fund, based upon an alleged assignment from Leggett. The company, not recognizing this claim, was sued by Butcher, and again moved for an interpleader, this time asking to interplead Butcher with the plaintiffs; and from the order entered denying such motion this appeal is taken.

As it appeared that the action brought by Butcher against the defendant company was not "commenced within twelve months next after the fire," the special term concluded that, as the company had a good defense to such action, the motion to interplead Butcher

should, on that ground, be denied. It was held, however, in Smith v. Insurance Co., 62 N. Y. 85, as stated in the syllabus, that:

"Where an insurance company, after a loss, has adjusted the claim therefor, and has agreed to pay a certain sum in consideration of the surrender by the assured of his policy, in an action to recover the amount so agreed to be paid, the company cannot avail itself as a defense of a clause in the policy limiting the time within which an action can be brought thereon. The action is not upon the policy, but the independent agreement."

See, also, Steen v. Insurance Co., 89 N. Y. 315; Holmes v. De Camp, 1 Johns. 34; Barnum v. Insurance Co., 97 N. Y. 188.

In view of these decisions, it is not entirely clear that the learned judge at special term was right in concluding that the company had a perfect defense to Butcher's action. Whether this be so or not, the company was not bound to avail itself of such defense, but had the right to waive it. Where, as here, it admits its liability for the amount of the loss as adjusted, and is only desirous of having determined the party rightfully entitled thereto, and where two different persons are contending for the same fund in two separate actions against the company, there is no reason why it should be put to the expense and trouble of two lawsuits, when the title to the fund can be litigated between the contending parties without the presence of the company. We think that under the practice and the decisions of this court the motion should have been granted. Bacon v. Surety Co., 53 App. Div. 150, 65 N. Y. Supp. 738; Crane v. McDonald, 118 N. Y. 648, 23 N E. 991; Johnston v. Stimmel, 89 N. Y. 117; Woolworth v. Insurance Co., 25 App. Div. 629, 49 N. Y. Supp. 512.

Order accordingly reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.