### BOSKOWITZ v. BOSKOWITZ.

(Supreme Court, Appellate Division, First Department. March 20, 1908.)

1. PARTIES—BRINGING IN NEW PARTIES—GROUNDS.
   Where, in replevin, plaintiff in opposition to a motion to bring in a third person as a codefendant conceded that the third person owned a part of the property sued for, there was no necessity of bringing in such person, and the court should order the complaint amended so as to omit the property owned by him.

2. SAME.
   Under Code Civ. Proc. § 820, authorizing the substitution of a party as defendant or the bringing in of an additional party defendant, where a demand has been made on the original defendant by the party sought to be substituted or brought in for the property sued for, etc., a defendant, in replevin by a widow for chattels alleged to have been given her by her deceased husband, is not entitled to have the administrator of the husband made a party defendant, where it appears that defendant instigated the claim of the administrator, and that the claim of the administrator was asserted without any facts to warrant him in claiming the property as a part of the estate of the husband, and where the administrator had made no claim on defendant, though defendant's firm were the attorneys for the administrator.

Appeal from Special Term.

Action by Carrie Boskowitz against Adolph Boskowitz. From an order directing that Jesse L. Boskowitz, administrator of Ignatz Boskowitz, deceased, and another, be joined as codefendants, plaintiff appeals. Reversed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Charles L. Craig, for appellant.

Harold Nathan (Louis S. Levy, on the brief), for respondent Adolph Boskowitz.

Charles H. Studin, for respondent Florence Boskowitz.

William Victor Goldberg, for respondent Jesse L. Boskowitz.

LAUGHLIN, J. The action is in replevin to recover certain personal property, consisting of household goods, furniture, and furnishings. All of the property not owned by plaintiff was formerly owned by her husband, Ignatz Boskowitz. On the 7th day of June, 1906, it was in the dwelling house on premises known as No. 32 West Seventy-Second street, in the city of New York, owned by him, which were that day conveyed by him and his wife to the defendant. Ignatz Boskowitz, who is the plaintiff, and his wife, had occupied the premises as a private residence for many years, and continued to reside there after the conveyance and until the 13th day of the same month, when they sailed for Europe, leaving the property in question in the house with the consent of the defendant, who was Ignatz's brother. Ignatz Boskowitz died abroad on the 26th day of December thereafter. He, however, remained a resident of this state, and on the 2d day of February, 1907, his son Jesse L. Boskowitz was duly appointed administrator of his estate by the Surrogate's Court of the county of New York; his mother apparently having renounced in his favor. It is conceded that on the 12th day of June, 1906, the decedent signed and addressed a letter to the plaintiff, purporting to make her a present of all of the personal property so left in the house No. 32 West Seventy-Second street which did not already belong to her. The plaintiff claims that the letter was delivered to her, and that she thereby acquired title to the property. The defendant makes no claim to any of the property, excepting one painting, entitled, "Paying Toll," by Myer von Bremen, which he claims was given to him by the decedent on the same day that the letter was written to the plaintiff; but he says that he has no knowledge as to whether the letter was delivered to the plaintiff, and he also asserts that certain of the property belongs to decedent's daughter Florence, and that the administrator of the estate of the decedent claims the rest. The defendant therefore prayed for an order permitting him to litigate the question as to the ownership of the picture and bringing in Florence Boskowitz and the administrator, and for directions with respect to the possession of the property pending the action.

The property which the defendant asserts belongs to Florence Boskowitz was in the front bedroom on the third floor, which for many years had been occupied by her. It appears that she claimed title to this

property by gift from her father, and on the 15th day of June, 1906, a few days after her parents left for Europe, she moved it out as her own. Her ownership thereof is now conceded by the plaintiff in an affidavit presented in opposition to the motion. There was no necessity therefore of bringing Florence in as a party defendant. She has the property, and plaintiff waives all claim thereto, and concedes her ownership. The court should have ordered the complaint amended so as to omit the property which Florence removed. We are also of opinion that the learned court erred in directing that the administrator be joined. There is no evidence that the administrator asserted 'to the defendant, who was in possession of the property, any claim thereto until after the defendant drew the matter to his attention. On the record before us the defendant is in the position of having instigated the claim made by the administrator, and the inference is fairly warranted that the claim has been presented through collusion between him and the administrator for the purpose of depriving the plaintiff of the immediate possession of the property. It appears that plaintiff duly notified the defendant of her claim to the property under the letter from the decedent, bearing date the 12th day of June, 1906, and he at first fully acknowledged her right and title, and promised to deliver the property to her, and on his suggestion she indorsed on a copy of the letter an authorization to him to deliver the property to the Manhattan Storage Warehouse Company. The defendant, instead of acting upon this authority and keeping his promise, apparently presented the letter to the administrator, who thereafter, by a letter addressed to the defendant under date of February 13, 1907, referring to the demand made by the plaintiff upon the defendant pursuant to the letter of June 12, 1906, asserted a bald claim to the property without denying the genuineness of the letter under which the plaintiff claimed, or its delivery to her or stating any fact tending to impeach it, and thereupon the defendant notified the plaintiff that he declined to comply with her demand to deliver the property. So far as appears, no claim had been made upon the defendant by the administrator, and he had no reason to doubt the title of the plaintiff. It does not even appear that the defendant asked whether the letter was delivered to the plaintiff by the decedent or for any evidence on that point. Section 820 of the Code of Civil Procedure only authorizes the substitution of a party as defendant or bringing in an additional party defendant where a demand has been made upon the original defendant by the party sought to be substituted or brought in for the same debt or property and without collusion. This does not contemplate that a defendant shall go about looking for some one to assert a claim to the debt or property in question, but was intended for the protection of a defendant where a claim is apparently asserted against him, without collusion with him, and the nature of the claim or the facts presented render it hazardous for him to admit the plaintiff's demand and part with possession of the property, and tend to show that he would likely be thereby subjected to an action which it might be difficult for him to defend. Crane v. McDonald, 118 N. Y. 654, 23 N. E. 991; Merchant v. Northwestern Life Ins. Co., 57 App. Div. 375, 68 N. Y. Supp. 406; Hasberg v. Moses, 81

App. Div. 199, 80 N. Y. Supp. 867; Helene v. Corn Exchange Bank, 96 App. Div. 392, 89 N. Y. Supp. 310; Hoffman House v. Manhattan Storage Co., 74 App. Div. 476, 77 N. Y. Supp. 435. The defendant is not materially aided by the fact that his firm were the attorneys and counsel for the administrator. He could not as an individual having possession of this property justify his refusal to deliver it to her on the ground that, although he knew of no adverse claim to the property, he deemed it his professional duty to inform the administrator of the estate to see if he wished to assert a claim against it. The right of the defendant to the relief authorized by section 820 of the Code of Civil Procedure could not in these circumstances be affected by the claim thus induced on the part of the administrator.

It is claimed that this property is worth about $35,000, and that the estate in the hands of the administrator is insufficient to pay the debts of the decedent. On these facts, it is contended that the administrator might successfully assert that the gift was void as to the creditors of the decedent, and that he might, under section 7 of the personal property law (chapter 417, p. 509, Laws 1897), disaffirm the transfer upon the ground that it was void, because it rendered the estate of the decedent insolvent. It is possible that a case might have been presented which would have warranted the court in making the order on that theory, but there is no evidence that the administrator has attempted to disaffirm the transfer, nor is there any evidence that he has any ground for such action. The administrator is the plaintiff's son. It appears that the relations of the surviving members of this family have not been and are not harmonious, and that there has been and continues to be serious friction between them. The administrator has been specially antagonistic to plaintiff, his mother. The fair inference is that the claim of the administrator would not have been asserted if it had not been instigated by the defendant, and that it has been asserted without any facts to warrant him in claiming the property as part of the estate of the decedent.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and motion to bring in the administrator of Ignatz Boskowitz as a party defendant denied, and motion to bring in Florence Boskowitz denied, without costs, upon the ground that it appears by the affidavit of the plaintiff read in opposition to the motion that she concedes that her daughter Florence owned the chattels described in Schedule A annexed to the complaint as being in the front bedroom on the third floor, viz., one chiffonier, one table, one bed, one electric lamp, three chairs, and three pictures, and upon the trial hereof will make no claim against the defendant therefor, or for the value thereof, or for damage thereto.

Order reversed, with $10 costs and disbursements, and motions denied as stated in opinion. All concur.