(139 App. Div. 592.)

### WESTERN COMMERCIAL TRAVELERS' ASS'N v. LANGEHEINEKEN et al.

(Supreme Court, Appellate Division, First Department. July 7, 1910.)

INTERPLEADER (§ 8*)—GROUNDS—PAYMENT INTO COURT—STATUTES.

Code Civ. Proc. § 820a, added by Laws 1908, c. 285, providing for the payment into court of money where the whole or part of the debt is claimed adversely by defendants without any collusion on plaintiff's part, does not require that plaintiff establish the validity of the adverse claims, and hence where various parties claimed as beneficiaries certain insurance money and retained attorneys to prosecute their claims, insurer, conceding its liability to pay, was entitled to pay the money into court and be protected from further liability; no collusion or absence of good faith appearing.

[Ed. Note.—For other cases, see Interpleader, Cent. Dig. §§ 9, 11; Dec. Dig. § 8.*]

Appeal from Special Term, New York County.

Action by Western Commercial Travelers' Association against Edward William Langeheineken and others. From an order denying plaintiff's motion for an order permitting it to pay a certain sum into court and be discharged from further liability, etc., it appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, LAUGHLIN, and DOWLING, JJ.

L. Sidney Carrere, for appellant.
Mitchell Wetherhorn, for respondent Langeheineken.

McLAUGHLIN, J. The plaintiff is a corporation organized under the laws of the state of Missouri, doing a co-operative insurance business. On the 10th of July, 1879, one William Langeheineken became a member thereof, and a certificate of membership was issued to him in and by which plaintiff agreed upon his death to pay to the beneficiary therein named the sum of $4,000. Under the constitution and by-laws of the association, the assured was entitled to change the beneficiary by surrendering his certificate; a new certificate being issued in its place designating such qualified beneficiary or beneficiaries as he might direct, and it being also provided that the surrender of the old certificate might be dispensed with on satisfactory proof that it had been lost or destroyed, and that, if two certificates issued to the same member should be outstanding at the same time, the one last issued should alone be in force.

In the certificate originally issued, the assured's wife Christina was named as beneficiary; but he thereafter had the beneficiary changed in the manner indicated: In February, 1899, to his daughter Mary; in June, 1899, to his then wife, Babette, and his daughter Mary, one-third to the former and two-thirds to the latter; in March, 1900, to his daughter Mary alone; in February, 1902, to his sons Edward William and Victor A. and his daughter Olga in equal shares; and in February, 1906, to his son Edward William alone.

The assured died on the 7th of May, 1909, and due proof of his death was given the plaintiff by the son Edward William, who surrendered the last re-issued certificate designating him the sole beneficiary, and as such he demanded payment. The plaintiff also received notices from the wife, Babette, claiming the whole fund on behalf of herself and the daughter Mary, and from the son Victor, who stated that since September, 1902, he had paid one-half the assessments on the certificate under an agreement with the assured that he was to receive $1,000 of the proceeds, his sister Olga $1,000, and the son Edward W. the balance, from which he was to pay the debts and funeral expenses. These claimants asserted their ignorance that any other beneficiaries had been designated and retained attorneys to present their respective claims.

The plaintiff then brought this action, setting forth the facts, and asking that it be allowed to pay the $4,000 into court and be discharged from liability to any or all of the defendants, and that they interplead among themselves to determine their respective rights to the fund. After all of the defendants had been served, this motion was made for an order permitting it to pay over the money to the chamberlain of the city of New York, and after such payment that it be discharged and its costs paid out of the fund. The motion was denied, and the plaintiff appeals.

I think the motion should have been granted. The action was brought and the motion made in accordance with section 820a of the Code of Civil Procedure (chapter 285 of the Laws of 1908). This section does not require, as contended by the respondent, that the plaintiff establish the validity of the adverse claims, but simply that "the whole or part of the debt is claimed adversely by the defendants without any collusion on the part of the plaintiff." It is not even suggested that the plaintiff is not acting in entire good faith in bringing the action, or that it has entered into collusion with the defendants or any of them in so doing. The contrary appears. The claimants have retained attorneys. The wife Babette and the daughter Mary have already appeared by attorney in the action. There is no way by which the plaintiff can ascertain in advance of the trial the evidence upon which the claimants rely to establish their respective claims. The plaintiff concedes its liability to pay and is desirous of doing so. All that it asks is that when the payment is made it shall be protected from further liability.

Section 820a was obviously intended to meet just such a situation as this, and the order appealed from should, therefore, be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs; the costs to be paid from the fund when turned over to the chamberlain. All concur.