ders the tax void. People v. Inman, 197 N. Y. 200, 207, 90 N. E. 438. Originally such a roll was a schedule, in which the sheets were tacked together, so that it could be turned up by the hand in the form of a tube. Colman v. Shattuck 2 Hun, 497, 502. Although this need not be so combined at the review day, when the sheets may be detached or in parts, it is said that:

"There is a time, no doubt, when the assessment roll must be in one—a single volume or collection of sheets united together—and that is when the roll is finally completed, after all corrections are made, and when the verification is attached thereto." People v. Clapp, 64 Hun, 547, 549, 19 N. Y. Supp. 531, 532.

When it becomes impracticable to bind all the roll in one volume, plainly a verification attached to only one of many books, without in any way identifying such other volumes, is not a compliance with the statute. Such a construction would subvert the legislative intent, which by minute provisions would authenticate every part of this record of the tax assessment. This strictness is necessary to avoid lax methods, which would imperil the security with which, in matters of taxation, the law guards private rights. People v. Metz, 141 App. Div. 600, 126 N. Y. Supp. 986; 37 Cyc. 1061, note 66.

[2] It also appears that the assessment in question was not made on or prior to August 1st, nor on or prior to the third Tuesday of August, 1910, as required by section 36 of the tax law, but, after grievance day, was added to the roll taking from plaintiff any opportunity to be heard. This is clearly invalid. Jewell v. Van Steenburgh, 58 N. Y. 85, 90; Overing v. Foote, 65 N. Y. 263; People ex rel. Suburban Investment Co. v. Board of Assessors, 131 N. Y. Supp. 868, opinion of Jaycox, J.

[3] Plaintiff is therefore entitled to come into equity to enjoin proceedings which will create a cloud upon the title. Alvord v. City of Syracuse, 163 N. Y. 158, 163, 164, 57 N. E. 310; Bussing v. City of Mt. Vernon, 198 N. Y. 196, 205, 91 N. E. 543.

Temporary injunction granted.

---

### POUCH v. PRUDENTIAL INS. CO. OF AMERICA.

(Supreme Court, Appellate Division, First Department. October 20, 1911.)

INTERPLEADER (§ 40*)—RIGHT TO ORDER.

     Code Civ. Proc. § 820, provides that a defendant in a contract action may before answer, upon proof that one not a party makes demand against him for the same debt, apply for an order to substitute such person in his place and discharge him from liability, on his paying into court the amount due. *Held* that, in an action on a life policy, defendant's motion for interpleader was sufficient, by showing that both the person named as beneficiary in the policy and assured's administratrix claimed the insurance money, without collusion with defendant.

     [Ed. Note.—For other cases, see Interpleader, Dec. Dig. § 40.*]

     Laughlin and Clarke, JJ., dissenting.

---

Appeal from Special Term, New York County.

Action by Tillie May Pouch against the Prudential Insurance Company of America. From an order of interpleader, plaintiff appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and MILLER, JJ.

Seth Bird, for appellant.
William O. Campbell, for respondent.

McLAUGHLIN, J. This action is brought to recover upon a policy of life insurance issued by the defendant upon the life of Robert H. Pouch and made payable "to Tillie May Pouch, his wife." After his death this plaintiff demanded payment of the policy, upon the ground that she was the beneficiary therein named. One Eliza Hargreaves, as the administratrix of the estate of Robert H. Pouch, demanded payment of the policy upon that ground. The insurance company having refused to pay the plaintiff's claim, she thereupon brought this action, and the defendant, before answer, made a motion to substitute the administratrix as a sole party defendant, and that it be discharged from liability to either claimant upon its paying into court the amount claimed in the complaint; that is, the amount of the policy, together with the interest thereon. The motion was granted, and the plaintiff appeals.

The papers used upon the motion show that the claim made by this plaintiff and that made by the administratrix were without collusion with the defendant, and that it has no interest in the moneys due under the policy, except to pay them to the person lawfully entitled to receive the same, and it cannot safely determine which one is entitled to be paid. The appellant contends that the moving papers were insufficient to justify the granting of the order, because facts were not stated showing the basis for such claim; in other words, that facts must be set forth which indicate that the defendant is really placed in peril with reference to making payment to either claimant.

To require such proof before bringing in a third party claimant is to read into section 820 of the Code of Civil Procedure something that does not there exist. That section provides that a defendant against whom an action to recover upon a contract is pending, may, at any time before answer, "upon proof by affidavit that a person not a party to the action makes a demand against him for the same debt, * * * without collusion with him, apply to the court, upon notice to that person and the adverse party, for an order to substitute that person in his place and to discharge him from liability to either on his paying into court the amount of the debt." Here the proof is that the plaintiff and the administratrix of the person whose life was insured both claim the amount of the policy; that such claims are made without collusion with the defendant; and this brings the case squarely, as it seems to me, within the provisions of the Code, and entitled the defendant to the order appealed from. The construction thus given to the section not only seems to me reasonable, but to do justice. The defendant has no interest in the matter, except to pay

the money to the person legally entitled to receive it. It is willing to make the payment, and simply asks that the claimants fight out, as between themselves, their respective claims. This being so, why should it not, upon paying the money into court, be relieved?

Section 820a of the Code of Civil Procedure took effect the 1st of September, 1908, and it provides that when any sum of money shall be due and payable under a contract, and the whole, or any part of it exceeding $50, shall be claimed or demanded by an adverse claimant, the debtor may bring suit in any court having jurisdiction thereof and of the parties, demanding judgment of interpleader and that the debtor be permitted to pay the amount of the debt into court and thereby be discharged from further liability. It further provides that after the commencement of the action, by service of the summons and complaint upon the claimants, the plaintiff may make an application to the court for an order directing plaintiff to pay the amount of the · debt into court, and thereby be discharged from further liability to the defendants, and that the court, upon satisfactory proof by affidavit or otherwise of the facts alleged in the complaint, and that the whole or part of the debt is claimed adversely by the defendants, without any collusion on the part of the plaintiff, and that the amount is not in dispute, may make an order, upon plaintiff's making such payment, relieving the plaintiff from further liability.

Under this section, this court recently held (Western Commercial Travelers' Ass'n v. Langeheineken, 139 App. Div. 592, 124 N. Y. Supp. 182) that the plaintiff was not required to show there was a basis for the adverse claims, but simply that the whole or part of the debt is claimed adversely by defendants, without collusion on the part of plaintiff. The language of this section, so far as the proof is concerned, is substantially· in all respects similar to that used in section 820, and no reason can be suggested why one should be required to make more proof in the one case than in the other. The case in many respects is quite similar to St. John v. Union Mutual Life Insurance Company, 132 App. Div. 515, 117 N. Y. Supp. 1077. There the plaintiff claimed the amount due under an insurance policy, and the representative of the estate of the insured also claimed it. Held that these facts were sufficient under section 820 to warrant an order substituting the personal representatives of the deceased as defendants in place of the Insurance Company.

It is true there are earlier authorities, and some in this court, to the effect that under section 820 something more has to be shown than that a claim is made by a third party, without collusion of the defendant; that facts must be set forth showing there is a basis for the claim made. But it seems to me the better rule is that laid down in the authorities above cited, and for that reason I prefer to follow them. In this connection it is to be noted that section 820a was enacted subsequent to the decision of the cases laying down a different rule than that here contended for.

The order appealed from, therefore, should be affirmed, with $10 costs and disbursements.

INGRAHAM, P. J., and MILLER, J., concur.

LAUGHLIN, J. (dissenting).   The material facts are stated in the opinion of Mr. Justice McLAUGHLIN, and it is unnecessary to restate them here.   If the order from which the appeal is taken be sustained, then a precedent is established by which the defendant in an action specified in section 820 of the Code of Civil Procedure may be changed at the will and caprice of the party originally made a defendant, and the plaintiff may be delayed in recovering money or property belonging to him, and left to establish his cause of action as against an irresponsible defendant, who has not even a colorable claim thereto, and with no security for costs.   If there were not controlling precedents with respect to the construction of section 820 of the Code of Civil Procedure, which have been followed by the courts and have governed the practice of the legal profession for a great number of years, the contention that the section should not receive a construction which would require proof on the part of the defendant making the motion for interpleader, tending to show a substantial claim made adversely to that of the plaintiff, might receive serious consideration; but where, as here, a statutory provision has received judicial construction, which has been long acquiesced in, I am of opinion that such construction should be adhered to, and that it should be left to the Legislature to amend the law if a change should be deemed necessary.   Unless, in the administration of our law, precedents are to be disregarded, and judges and courts are to be free to decide questions of practice and law on their own view, uninfluenced by precedents, I am of opinion that the long-established construction of section 820 of the Code of Civil Procedure should be followed.

In the case at bar the plaintiff presents a cause of action as the designated beneficiary under a policy of insurance which she holds, and the defendant applies to the court for leave to pay the fund into court, and for an order substituting in its place as the defendant the administratrix of the decedent on whose life the policy of insurance was issued, and merely shows as a basis for the motion that such administratrix, without collusion with it, claims the insurance.   The uniform practice on such motions throughout this state has heretofore been that the moving party must show facts which render it hazardous for him to admit the plaintiff's demand and part with the possession of the fund or property, and that there is danger that such course may subject him to double liability;   and this rule has been declared by many decisions· of this court, of which the cases of Steiner v. East River Savings Inst., 60 App. Div. 232, 70 N. Y. Supp. 223, Hinsdale v. Bankers' Life Ins. Co., 72 App. Div. 180, 76 N. Y. Supp. 448, and Boskowitz v. Boskowitz, 124 App. Div. 849, 109 N. Y. Supp. 490, are examples.

St. John v. Union Mutual Life Ins. Co., 132 App. Div. 515, 117 N. Y. Supp. 1077, cited approvingly by Mr. Justice McLAUGHLIN, is in substantial accord with this rule, both on the facts upon which the adjudication was based and by the majority opinion, which contains the following statement of the rule:                                    ·

"While a mere naked demand is not sufficient to warrant the order, I think the affidavits upon which the order was granted are sufficient to show the na-

ture of the claim, and that there is reasonable doubt as to the right of the plaintiff to the insurance moneys, as against the adverse claimants. Under the circumstances, the insurance company should not be subjected to the hazard of determining which is rightfully entitled thereto."

The case of Western Commercial Travelers' Ass'n v. Langeheineken, 139 App. Div. 592, 124 N. Y. Supp. 182, involved the construction of section 820a of the Code of Civil Procedure, which was a new enactment, and had not been judicially construed; and although the opinion contains an intimation that it is sufficient merely to show an adverse claim, the facts upon which the adjudication was made tended to show a substantial basis for the conflicting claims, and to render it hazardous for plaintiff to determine which claimant was entitled to the fund.

For these reasons, I am of opinion that the order should be reversed, and the motion denied.

CLARKE, J., concurs.