### SIEGEL v. GOLDSTONE.

#### (Supreme Court, Appellate Term. January 10, 1912.)

INTERPLEADER (§ 8)—RIGHT TO ORDER.

Where plaintiff sued as assignee of one of a firm for a debt due the firm from defendant, and the other partner notified defendant not to pay the debt to the assigning partner or his assignee, and demanded payment to himself, defendant was entitled to an order of interpleader, making such other partner a defendant, so that he and plaintiff could litigate their claims as to the defendant.

[Ed. Note.—For other cases, see Interpleader, Cent. Dig. §§ 8, 9, 11; Dec. Dig. § 8.*]

Appeal from City Court of New York, Special Term.

Action by Harry A. Siegel against Alfred H. Goldstone. From an order denying a motion for interpleader, defendant appeals. Reversed, and motion granted.

Argued January term, 1912, before SEABURY, GERARD, and HOTCHKISS, JJ.

George A. Newman, for appellant.
Jacob Stone Friedman, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SEABURY, J. This is an appeal from an order denying a motion for interpleader. It appears that the defendant was indebted to the firm of Bodker & Tanzman, who were partners. Plaintiff sues for the amount of the debt under an assignment from Bodker. Tanzman gave written notice to the defendant not to pay the amount to Bodker or his assignee, and demanded payment to him.

We are of the opinion that the motion for interpleader should have been granted. The plaintiff claimed as the assignee of one partner, and the other partner also claimed to be entitled to the payment of the debt, which the plaintiff claimed should be paid to him. The plaintiff and Tanzman were not acting in collusion. The defendant was willing to pay the debt to whoever was entitled to receive payment. I can see no good reason why the defendant should not pay the money into court, and the plaintiff and Tanzman be allowed to litigate this question. While the authorities on the subject are not uniform, the late case of Pouch v. Prudential Ins. Company, 146 App. Div. 612, 131 N. Y. Supp. 376, sustains the view here expressed.

Order reversed, with $10 costs and disbursements, and the motion is granted, with $10 costs. All concur.