BARNETT v. MAX L. TYPERMASS & CO. et al.

(Supreme Court, Appellate Term. February 8, 1912.)

1. INTERPLEADER (§ 14*)—PARTIES.

Plaintiff sued to recover a debt due from defendant, claimed to have been assigned to him by one of a partnership, and defendant admitted the indebtedness to the partnership in a certain sum. The interpleaded defendant claimed the same debt as assignee of the other partner, and after he and plaintiff had both made demand upon defendant, defendant moved to have such assignee, as well as the copartners, interplead as defendants. Municipal Court Act (Laws 1902, c. 580) § 187, permits a defendant, upon proof that a person not a party makes demand against him for the same debt, to apply to the court for an order to substitute such person in his place and discharge him from liability, on his paying into court the amount of the debt. *Held*, that the assignee of the other partner was properly interpleaded as a defendant, though the copartners should not have been interpleaded; neither of them denying the assignments.

[Ed. Note.—For other cases, see Interpleader, Cent. Dig. § 36; Dec. Dig. § 14.*]

2. APPEAL AND ERROR (§ 1036*)—HARMLESS ERROR—INTERPLEADER.

Any irregularity in interpleading two persons was not prejudicial, where one of them did not appear as a party, and judgment was not rendered against him, and the other appeared and claimed that he was not a proper party, and judgment was not rendered against him.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1036.*]

3. APPEAL AND ERROR (§ 1173*)—DISPOSITION—REVERSAL IN PART.

Though a judgment must be reversed as to an interpleaded defendant claiming the debt sued for, and a new trial ordered, it need not be reversed as to the principal defendant, where it appears that it is not

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

liable to any party in a greater sum than that deposited in court by it as its admitted liability.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4562–4572; Dec. Dig. § 1173.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Arje Barnett against Max L. Typermass & Co. and others, interpleaded. From a judgment for defendant named, and awarding a sum to an interpleaded defendant, plaintiff appeals. Reversed as to interpleaded defendant, and new trial ordered.

Argued January term, 1912, before SEABURY, GERARD, and HOTCHKISS, JJ.

Nathan Barnett, for appellant.
Horace London, for respondent Max L. Typermass & Co.
M. A. Gallucci, for respondent Galluci.

SEABURY, J.   This action was originally brought against the defendant Typermass & Co. by the plaintiff, claiming to be the assignee of a copartnership doing business under the name of the Corona Paper Box Manufacturing Company.  The claim of the partnership against Typermass & Co. was for a balance alleged to be due for boxes which the partnership had delivered to it.  The defendant Typermass & Co. admitted that it was indebted to the partnership in the sum of $60.10, and denied that any further sum was due from it to the partnership or any of its assignees.  The plaintiff claimed to be the assignee of Nathan Barnett.  The defendant Galluci claimed to be the assignee of one Abraham Quartin, who with Nathan Barnett composed the partnership known as the Corona Paper Box Manufacturing Company.  After the plaintiff and Galluci had both made demands upon it, the defendant Typermass & Co. moved the court, not only to interplead Galluci as a party defendant, but also to make Nathan Barnett and Abraham Quartin parties defendant.  This motion was granted, and the defendant Typermass & Co. deposited the sum of $60.10 in court, to abide the event of the action.

[1]  In so far as the order of interpleader permitted the defendant Typermass & Co. to pay the amount conceded to be due into court and directed that Galluci should be made a party defendant, we are of the opinion that it was sanctioned under section 187 of the Municipal Court act.  Neither Nathan Barnett nor Abraham Quartin questioned the assignments which each was alleged to have made to their respective assignors.  It was. therefore irregular to make the plaintiff's assignor and the assignor of Galluci parties defendant in the action.

[2]  In view of what subsequently took place, we think that we may disregard this irregularity.  Quartin, the alleged assignor of Galluci, did not appear as a party, and no judgment has been entered against him.  Barnett, the alleged assignor of the plaintiff, did appear, and claimed that he was improperly made a party defendant, and his claim was sustained, and no judgment has been entered against him.  Not-

withstanding the irregularity in the order of interpleader, it appears that the only persons who were before the court as parties were the plaintiff, Typermass & Co., and Galluci. It was proper for the court, by interpleader, to bring these parties before the court. Siegel v. Goldstone, 133 N. Y. Supp. 453, Appellate Term, filed January 10, 1912, not yet officially reported.

The court below found that the defendant Typermass & Co. was not indebted to the partnership or any of its assignees in a greater sum than $60.10, which was the amount which this defendant deposited into court. A review of the record satisfies us that this determination is sustained by the evidence.

In our judgment, however, the evidence does not sustain the determination of the court below that Galluci, as against the plaintiff, is entitled to the $60.10 which Typermass & Co. deposited into court. The evidence in relation to the time when these assignments were made is very unsatisfactory. It would seem that the assignment to the plaintiff was prior to that made to Galluci. We are of opinion, also, that greater latitude should have been allowed in the cross-examination of the assignor of Galluci in relation to the circumstances under which the assignment was made. Under these circumstances, we think the plaintiff is entitled to a new trial in so far as Galluci is concerned.

[3] There is, however, no reason why the whole judgment should be reversed. In so far as the plaintiff and the defendant Galluci claim to be entitled to a greater sum than $60.10 from the defendant Typermass & Co., it has been properly determined that their claim is without merit. There is no reason, therefore, for putting the defendant Typermass & Co. to the expense of a new trial of the issues.

Judgment in favor of Typermass & Co. is affirmed, with costs against the plaintiff; and in so far as the judgment is in favor of Galluci and against the plaintiff it is reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.