HARRY A. SIEGEL, Respondent, v. ALFRED H. GOLDSTONE, Appellant.

(Supreme Court, Appellate Term, February, 1912.)

Interpleader — Right to interplead holders of particular claims — Actions — Parties.

> Where, in an action by the assignee of one partner to recover a debt due to the firm, the other partner notifies the defendant not to pay the debt except to him and makes demand therefor, the defendant is entitled to an order of interpleader making the plaintiff's assignor a party defendant.

APPEAL by defendant from an order of the City Court of the city of New York denying his motion for interpleader.

George A. Newman, for appellant.

Jacob Stone Friedman, for respondent.

SEABURY, J.  This is an appeal from an order denying a motion for interpleader.  It appears that the defendant was indebted to Bodker & Tanzman who were partners.  Plaintiff sues for the amount of the debt under an assignment from Bodker.  Tanzman gave written notice to the defendant not to pay the amount to Bodker or his assignee and demanded payment to him.  We are of the opinion that the motion for interpleader should have been granted.  The plaintiff claimed as the assignee of one partner and the other partner also claimed to be entitled to the payment of the debt which the plaintiff claimed should be paid to him.  The plaintiff and Tanzman were not acting in collusion.  The defendant was willing to pay the debt to whoever was entitled to receive payment.  I can see no good reason why the defendant should not pay the money into court and the plaintiff and Tanzman be allowed to litigate this question.  While the authorities on the subject are not uniform, the late case of Pouch v. Prudential Ins. Company, 146 App. Div. 612, sustains the view here expressed.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.

GERARD and HOTCHKISS, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.