NATOWITZ v. INDEPENDENT ORDER AHAWAS ISRAEL.

(Supreme Court, Appellate Division, First Department. March 8, 1912.)

INTERPLEADER (§ 11*)—GROUNDS OF RELIEF.
> Under Code Civ. Proc. § 820, which provides that a defendant in an action of contract may, before answer, upon proof that one not a party makes demand against him for the same debt, apply for an order to substitute such person in his place and discharge him from liability on his paying into court the amount claimed, defendant in an action on a death benefit certificate, on showing that another had commenced an action to recover the same amount claiming to be entitled to it, was entitled to a motion to interplead the plaintiff in the other action.
>
> [Ed. Note.—For other cases, see Interpleader, Cent. Dig. §§ 13–34; Dec. Dig. § 11.*]

Appeal from Special Term, New York County.

Action by Samuel Natowitz against Independent Order Ahawas Israel. From an order denying its motion of interpleader, defendant appeals. Order reversed, and motion granted.

Argued before CLARKE, McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Alfred B. Jaworower, for appellant.
Isaac Siegmeister, for respondent.

McLAUGHLIN, J. One Joseph N. Natowitz, who died on the 10th of June, 1911, was, at and for some time prior to his death, a member of the defendant. Under its constitution the defendant, a fraternal organization, pays a death benefit or endowment of $500 upon the death of a member to the person or persons entitled to receive the same. The plaintiff, a son, has brought this action to compel the payment of this amount to him on the ground that he is entitled to receive it. The widow of the deceased member has commenced an action against the defendant in the Municipal Court of the City of New York to recover the same sum on the theory that she is entitled

to it. The defendant admits its liability to pay the $500, but is in doubt to which one to make the payment. Before answering, the defendant made a motion to interplead the plaintiff in the Municipal Court action and substitute her in its place in this action, and, upon paying said sum into court, that the Municipal Court action be stayed and it be relieved from all liability. The motion was denied, and it appeals from the order.

I think the motion should have been granted. The widow and son both claim to be entitled to recover the same fund. Defendant concedes its liability to one or the other and is willing to discharge it. It is not liable to both. No good reason is suggested why the widow and son should not litigate between themselves as to their respective rights, or why the defendant should be put to the trouble and expense of carrying on litigation, the ultimate purpose of which is to settle such rights.

The facts set out in the papers used upon the motion bring the case squarely within the provisions of section 820 of the Code of Civil Procedure, which provides that where an action has been brought to recover upon a contract a defendant, at any time before answer, on proof by affidavit that a person not a party to the action makes a demand against him for the same debt or property, without collusion with him, may apply to the court for an order to substitute that person in his place and discharge him from liability to either, on his paying into court the amount of the debt. There is nothing to indicate that the defendant, in making the motion, did not act in entire good faith, or that it is in any way in collusion with the plaintiff. Pouch v. Prudential Ins. Co. of America, 146 App. Div. 612, 131 N. Y. Supp. 376, and St. John v. Union Mutual Life Ins. Co., 132 App. Div. 515, 117 N. Y. Supp. 1077, are directly in point.

The order appealed from, therefore, is reversed with $10 costs and disbursements, and the motion granted without costs. All concur.