### SINGER v. NEW YORK LIFE INS. CO.

(Supreme Court, Special Term, New York County. July, 1916.)

1. INTERPLEADER ⊂⇒6—GROUNDS OF RELIEF.

An order of interpleader may be granted, where two or more persons have preferred a claim for the same thing against the applicant, who has no beneficial interest in the thing claimed, and cannot determine without hazard to himself to which of the rival claimants it belongs; there being no collusion between him and any of the parties.

[Ed. Note.—For other cases, see Interpleader, Cent. Dig. § 6; Dec. Dig. ⊂⇒6.]

2. INTERPLEADER ⊂⇒8(2)—SHOWING OF REASONABLE BASIS FOR CLAIMS—STATUTE.

That there is a reasonable basis for the conflicting claims to the property is all that is required to be shown by the applicant for a motion for interpleader, pursuant to Code Civ. Proc. § 820.

[Ed. Note.—For other cases, see Interpleader, Cent. Dig. §§ 9, 11; Dec. Dig. ⊂⇒8(2).]

3. INTERPLEADER ⊂⇒11—PROPRIETY OF REMEDY—LIFE INSURANCE COMPANY.

Where a life insurance company admits its liability for the amount of a loss as adjusted, and is only desirous of having determined which party, of rival claimants, is rightfully entitled thereto, the company's motion for interpleader will be granted.

[Ed. Note.—For other cases, see Interpleader, Cent. Dig. §§ 13–34; Dec. Dig. ⊂⇒11.]

Action by David E. Singer against the New York Life Insurance Company. On defendant's motion for interpleader. Motion granted.

Jerome A. Strauss, of New York City (George Edwin Joseph and Jerome A. Strauss, both of New York City, of counsel), for plaintiff.

James H. McIntosh, of New York City (Ralph Freeman, of New York City, of counsel), for defendant.

Philips, Mahoney & Wagner, of New York City, (Jeremiah T. Mahoney and Vincent L. Leibell, both of New York City, of counsel), for interpleader Kobre Assets Corp.

GIEGERICH, J. The defendant applies, pursuant to the provisions of section 820 of the Code of Civil Procedure, for an order authorizing it to pay into court the amount, with interest, claimed on a certain policy of life insurance written by it on the life of one Max Kobre, and payable at his death to Sarah Kobre, the wife of the insured, as beneficiary under the policy and substituting Eugene Lamb Richards, as receiver in bankruptcy for Max Kobre and Sarah Kobre, and also the Kobre Assets Corporation, as defendants in its place and stead.

The plaintiff is the only one of the rival claimants who opposes the application. It appears from the affidavits upon which the motion is based that the plaintiff, the said Eugene Lamb Richards, as such receiver, and the Kobre Assets Corporation, each has and makes claim to the proceeds of said policy, and each denies the claim of the other and demands payment of the same; that the respective claims of the plaintiff on the one hand, and said Richards, as receiver, and said Kobre Assets Corporation, on the other hand, have been made without collusion of the defendant company with either or any of them; that the defendant company does not now have, nor has it ever had or claimed, any right, title, or interest in or to the proceeds of said insurance or any part thereof; that the defendant does not know, nor can it ascertain, which of said rival claimants is entitled to the proceeds of said policy, and cannot, without hazard to itself, undertake to decide as to the validity or superiority of said conflicting claims of said claimants, and that it is not willing to take the risk of so doing.

[1] These allegations bring the case squarely within all the requirements upon which an order of interpleader may be granted, which are as follows: (1) That two or more persons have preferred a claim against the applicant; (2) that they claim the same thing; (3) that the applicant has no beneficial interest in the thing claimed; (4) that he cannot determine, without hazard to himself, to which of the rival claimants the thing belongs; (5) and that there is no collusion between him and any of the parties. Crane v. McDonald, 118 N. Y. 648, 654, 23 N. E. 991. In the case just cited, the court, at page 655 of 118 N. Y., at page 992 of 23 N. E., said:

"It was not necessary for the plaintiff to decide, at his peril, either close questions of fact or nice questions of law; but it was sufficient if there was a reasonable doubt as to which claimant the debt belonged. When a person, without collusion, is subjected to a double demand and to pay an acknowledged debt, it is the object of a bill of interpleader to relieve him of the risk of deciding who is entitled to the money. If the doubt rests upon a question of fact that is at all serious, it is obvious that the debtor cannot safely decide

it for himself, because it might be decided the other way upon an actual trial, while, if it rests upon a question of law, as was said in Dorn v. Fox, 61 N. Y. 270, 'so long as a principle is still under discussion, * * * it would seem fair to hold that there was sufficient doubt and hazard to justify the protection which is afforded by the beneficent action of interpleader.'"

In Natowitz v. Independent Order Ahawas Israel, 149 App. Div. 607, 133 N. Y. Supp. 1065, there were two claimants, one of whom brought an action in this court and the other in the Municipal Court of the City of New York. The defendant in the Supreme Court action moved to interplead the claimant in the Municipal Court, and the court at Special Term denied its application, but the Appellate Division reversed the order and granted the motion, saying, at pages 608 and 609, of 149 App. Div. at page 1066, of 133 N. Y. Supp.:

"The facts set out in the papers used upon the motion bring the case squarely within the provisions of section 820 of the Code of Civil Procedure, which provides that, where an action has been brought to recover upon a contract, a defendant, at any time before answer, on proof by affidavit that a person not a party to the action makes a demand against him for the same debt or property, without collusion with him, may apply to the court, upon notice to that person and the adverse party, for an order to substitute that person in his place and to discharge him from liability to either, on his paying into court the amount of the debt. There is nothing to indicate that the defendant, in making the motion, did not act in entire good faith or that it is in any way in collusion with the plaintiff. Pouch v. Prudential Ins. Co., 146 App. Div. 612 [131 N. Y. Supp. 376], and St. John v. Union Mutual Life Ins. Co., 132 App. Div. 515 [117 N. Y. Supp. 1077], are directly in point."

[2] The plaintiff urges that the claims of Richards, as receiver, and of the Kobre Assets Corporation, are wholly without foundation. The affidavits submitted upon this motion, however, satisfy me that there is a reasonable basis for those claims, and that is all that is required to be shown by the applicant upon a motion of this character. Crane v. McDonald, supra; Pouch v. Prudential Ins. Co., 204 N. Y. 281, 97 N. E. 731, Ann. Cas. 1913C, 1191; Grell v. Globe & Rutgers Fire Ins. Co., 55 App. Div. 612, 67 N. Y. Supp. 253. As was said by the court in Pouch v. Prudential Ins. Co., supra, 204 N. Y. 286, 97 N. E. 733, Ann. Cas. 1913C, 1191:

"The courts of this state other than this court have also with substantial unanimity held that it is necessary to sustain an action of interpleader or a motion under the Code to show that the alleged claims have, or in case of a motion the claim of a third person has, some reasonable basis on which to rest. While it has never been held that it is necessary to sustain an interpleader to show that a claimant will probably succeed in establishing his claim, a mere assertion of claim by another without alleging anything whatever on which to base it is not enough."

[3] As already stated, the defendant has no interest in the controversy between the rival claimants to the proceeds of the policy, and it claims no interest in the fund. No sufficient reason has been shown why the claimants to the fund should not litigate their several claims among themselves without putting the defendant to further trouble and expense. In this situation the remarks of the court in Grell v. Globe & Rutgers Fire Ins. Co., supra, 55 App. Div. at page 613, 67 N Y. Supp. at page 254, are very applicable:

"Where, as here, it admits its liability for the amount of the loss as adjusted, and is only desirous of having determined the party rightfully entitled thereto, and where two different persons are contending for the same fund, in two separate actions against the company, there is no reason why it should be put to the expense and trouble of two lawsuits, when the title to the fund can be litigated between the contending parties without the presence of the company."

The motion for interpleader should therefore be granted. Settle order on notice.