MARIA BLANCO et al., Appellants, v. TERESA VELEZ, Respondent.

Submitted October 23, 1945; decided March 7, 1946.

*Morris M. Goldnopf* and *Felipe N. Torres* for appellants.
I. A trust in the proceeds of the insurance upon the life of decedent was established in favor of the five sisters as beneficiaries and the defendant sister as trustee. (*Woodside Presbyterian Church* v. *Burden,* 240 App. Div. 43, 264 N. Y. 690; *Brown* v. *Spohr,* 180 N. Y. 201; *Falcone* v. *Palotta,* 29 N. Y. S. 2d 918, 262 App. Div. 875; *Matter of Brunswick,* 143 Misc. 573; *Matter of Brown,* 252 N. Y. 366; *Matter of Kyte,* 174 Misc. 1094; *Hirsh* v. *Auer,* 146 N. Y. 13.) II. The decision was in accordance with the weight of the evidence. III. The evidence establishes that decedent intended that all of his sisters share equally in the proceeds of his insurance in the event of his death.

*Irving Felcher* for respondent. I. The action was properly dismissed as being within the Statute of Frauds. (*Bayreuther* v. *Reinisch,* 264 App. Div. 138, 290 N. Y. 553.) II. The decision of the trial court was against the weight of the evidence. (*Tracy* v. *Danzinger,* 253 App. Div. 418; *Matter of Sturges,* 36 N. Y. S. 2d 141; *Matter of Katz,* 49 N. Y. S. 2d 604; *Matter of Muller,* 49 N. Y. S. 2d 772; *Cessna* v. *Adams,* 93 N. J. Eq. 276.)

Dye, J. Jose Bayonet, a merchant seaman engaged in the service of the War Shipping Administration, lost his life on the high seas due to enemy action. The Maritime Service had provided a war risk insurance to the amount of $5,000 and this has been paid to the defendant-respondent herein, one of five surviving sisters, whom the deceased, when he signed the ship's articles, had designated as beneficiary and next of kin to be notified in the event of death or emergency. Three of the sis-

ters, the plaintiffs-appellants herein, now bring this action to compel their sister, Teresa, to share the proceeds of the policy equally among them and a sister in Puerto Rico, on the theory that she holds it for their benefit under an oral trust. The judgment of the trial court has been reversed and the complaint dismissed because the agreement sought to be enforced was deemed to violate the Statute of Frauds (Personal Property Law, § 31, subds. 1, 8, as amd.).

When the Legislature amended section 31 of the Personal Property Law it did not intend to abrogate the well-established doctrine applicable to an express parol trust. The agreement of Bayonet to name his sister beneficiary would not have been enforcible if he had failed to do so but, having named her pursuant to the understanding that she would share the insurance proceeds with her sisters, she received the proceeds as trustee of an express trust to carry out this understanding.

The parol trust sought to be enforced here is that made by the defendant-respondent when she agreed with the deceased, in the presence of others, to distribute the insurance moneys, upon receipt, equally among her sisters. The right sought here is not to enforce an oral agreement, the performance of which is not to be completed before the end of a lifetime, or to enforce an oral contract to establish a trust, but to enforce an express parol trust which comes clearly within the rule of *Hirsh* v. *Auer* (146 N. Y. 13), and which does not come within the purview of Personal Property Law, section 31, subdivision 1 and 8, as amended.

The judgments should be reversed and a new trial granted, with costs to the appellants to abide the event.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND and THACHER, JJ., concur; MEDALIE, J., deceased.

Judgments reversed, etc.