MARY CASSIDY, Appellant, *v.* CELIA CASSIDY, Respondent, et al., Defendants.

First Department, April 13, 1954.

*Myron Sulzberger, Jr.*, of counsel (*Seymour S. Epstein* with him on the brief; *Sulzberger & Sulzberger*, attorneys), for appellant.

*Charles G. Coster* for respondent.

*Per Curiam.* On May 15, 1951, John Cassidy was a patient in a veteran's hospital. He was critically ill and suffering from certain incurable diseases which caused his death on August 15, 1951. Cassidy had been a member of the New York City employees' retirement system for many years and the plaintiff, his wife, had been designated to receive any benefits accruing in the event of his death prior to retirement.

On May 15, 1951, Cassidy apparently executed and acknowledged two documents. The first was an application for service retirement. It appears therefrom that it was executed before a commissioner of deeds on May 15, 1951, and was filed with the retirement system on June 19, 1951. The second document was a selection of benefits and named as his ultimate beneficiaries his wife and the defendant, his sister. This paper also appears to have been acknowledged before the same commissioner of deeds on May 15, 1951, but is dated May 31, 1951. It was not filed with the retirement system until July 18, 1951. In whose possession these documents were in the intervening weeks between the dates of execution and filing was not revealed upon the trial.

The plaintiff did not know for some time after May 15th that her husband had applied for retirement. She and her two children did not know that the defendant had been named as a cobeneficiary until after the death of Cassidy. During this interval, however, the plaintiff and her daughter had conversations with the defendant who was evasive and finally refused to reveal any knowledge she had of Cassidy's retirement beneficiaries.

These and other facts were proved at the trial. The defendant rested upon the plaintiff's case. It may be inferred that the defendant played some part, either as instigator or active participant, in obtaining her brother's signature to the documents. The disposition in her favor does not seem natural. Having had a connection with the transaction and a knowledge of it superior to that of the immediate members of decedent's family, she owed an explanation to plaintiff and the court.

Upon the present record we reach the conclusion that the deceased's retirement, election of option and designation of beneficiaries were not one transaction. There is ample evidence that the deceased wanted to retire. Therefor, we treat the service retirement as effective. There remain for exploration the facts and circumstances surrounding the selection of benefits and the naming of beneficiaries by Cassidy. Here, a court of equity might find facts requiring the erection of a constructive trust to satisfy the demands of justice. (Cf. *Latham* v. *Father Divine*, 299 N. Y. 22, 27.)

The judgment appealed from should be reversed and a new trial granted, with costs to the appellant.

PECK, P. J., DORE, COHN, BASTOW and BOTEIN, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.