ANNA B. KATZMAN, Respondent, *v.* ÆTNA LIFE INSURANCE CO., Defendant, and MINNIE KATZMAN, Appellant.

First Department, February 15, 1955.

*Sidney Orenstein* of counsel (*David Drechsler* and *Herbert Ferster* with him on the brief; *Drechsler & Leff*, attorneys), for appellant.

*Stanley Bogart* of counsel (*Murray I. Sommer* with him on the brief; *Bogart & Lonergan*, attorneys), for respondent.

* Also printed *post*, p. 931. [REP.

*Per Curiam.* Plaintiff has brought this action to have it declared that she is the lawful beneficiary of an insurance policy on the life of her deceased husband and entitled to payment of the proceeds of the policy. The action is against decedent's sister, who is the named beneficiary of the policy.

It is plaintiff's claim that she had an agreement with her husband, founded on good consideration, that he would name her as beneficiary of a life insurance policy on his life, and deliver it to her for retention of the policy and its proceeds. It is alleged that decedent obtained such a policy and named plaintiff as beneficiary, but thereafter, pursuant to a conspiracy with defendant, decedent surreptitiously took the policy from plaintiff's possession and caused the name of the beneficiary to be changed to defendant.

The question raised by defendant's motion for summary judgment is whether the action may be maintained in the light of subdivision 9 of section 31 of the Personal Property Law, which renders unenforcible any " contract to assign or an assignment " of a life insurance policy, or a promise to name a beneficiary of any such policy, unless the agreement or some note or memorandum thereof is in writing. Admittedly there is no such writing in this case.

It is altogether clear that plaintiff's claim flies in the teeth of the statute (*Fischer* v. *New York Sav. Bank*, 281 App. Div. 747). It is contended, however, that prior delivery of the policy to plaintiff takes the case out of the statute. We are unable to see why that should make a difference.

The purpose of the statute is a salutary one of protecting defined rights in insurance policies from disputation and involvement in litigation over claims resting on alleged oral arrangements with the deceased. Delivery alone is equivocal and assertion of the fact and terms of an alleged delivery unaccompanied by a writing is subject to all the abuses the statute was designed to avoid. To allow an assertion or even proof of a prior delivery of a policy to take a case out of the statute would be an unwarranted evasion of the statute.

The order appealed from should be reversed and the motion for summary judgment granted, with costs to appellant.

Cohn, J. (dissenting). While I agree that the purpose of the statute (Personal Property Law, § 31, subd. 9) is an excellent one, I think that the facts as claimed by plaintiff, which for the purposes of this motion for summary judgment we must accept as true, take this case out of the Statute of Frauds.

The facts alleged follow: Plaintiff is the widow of the deceased. Prior to his death, they had been married for some twenty-six years, during which time they lived happily together. The insurance policy was procured and issued on May 24, 1944, upon a mutual agreement and understanding between the widow and deceased that she would be named as beneficiary therein and that he would deliver the policy to her at issuance, in return for which she would pay the premiums or a substantial part, continue to furnish him with such medical services as required, provide him with a suitable burial and place of interment upon his decease and provide a suitable tombstone to honor his memory. The policy was delivered to her by the deceased at the time of its issuance, and in it she was named as beneficiary. Plaintiff produced most of the income which sustained them during the marital period, and plaintiff paid the premiums, or a substantial portion thereof, during the time that the policy was in existence. She also paid his medical and funeral expenses, and provided his remains with a place of interment upon his decease. After its delivery to her, without her knowledge and consent, the deceased, with connivance of the defendant, who was his sister, "surreptitiously withdrew and took from the possession of the plaintiff the aforesaid policy of life insurance" and caused a change of beneficiary from plaintiff to defendant on or about December 21, 1950.

The delivery of the policy by the deceased to his wife transferred its ownership to her. She alone could divest herself of title thereto. The statute prohibits oral assignment or a contract to assign the proceeds of a life insurance policy unless the agreement is made in writing, but where as asserted in this case, it appears that the policy was assigned to the deceased's wife and delivered to her, that in the policy she was named as beneficiary, and that many years thereafter the policy was surreptitiously taken from her by the deceased and the defendant, the Statute of Frauds may not be used to protect the claim of such a wrongdoer.

A court of equity has the power to treat a wrongdoer as a trustee *de son tort*. (*Lightfoot* v. *Davis,* 198 N. Y. 261.) If plaintiff can establish the allegations of her complaint and the assertion set forth in her affidavit in opposition to the motion for summary judgment, the demands of justice require the erection of a constructive trust in her favor. Upon such proof she would be entitled to a decree imposing such a trust upon the proceeds of this policy of insurance, and a declaration that defendant is the trustee for plaintiff's benefit. (*Beatty* v.

*Guggenheim Exploration Co.,* 225 N. Y. 380, 386; *Cassidy* v. *Cassidy,* 283 App. Div. 618.)

The Statute of Frauds has no application to constructive trusts. They are created by equity, whether the evidence on which they are based is oral or written, and whether the property is real or personal. (Bogart on Trusts, § 56, p. 195 [2d ed. 1942]; *Blanco* v. *Velez,* 295 N. Y. 224; *Latham* v. *Father Divine,* 299 N. Y. 22, 28.)

The issues presented by the pleadings and the conflicting affidavits should be determined only after a plenary trial. The motion for summary judgment was properly denied. The order appealed from should be affirmed.

PECK, P. J., BREITEL and BASTOW, JJ., concur in *Per Curiam* opinion; COHN, J., dissents and votes to affirm in opinion.

Order reversed, with $20 costs and disbursements to appellant and the motion granted, and judgment is directed to be entered dismissing the complaint, with costs.