MARY CASSIDY, Respondent, v. CELIA CASSIDY, Appellant, et al., Defendant.

Argued November 18, 1955; decided November 30, 1955.

*Charles G. Coster, John F. X. Finn* and *Carmelo J. Pernicone* for appellant. I. There is no evidence of any confidential relationship existing between appellant and decedent. (*Ten Eyck* v. *Whitbeck,* 156 N. Y. 341.) II. Appellant fully complied with the direction of the Appellate Division to explain her part in the execution by decedent of his selection of beneficiaries. III. Decedent had never previously designated his wife as the beneficiary of his retirement benefits. IV. Fraud, undue influence and misrepresentation are not presumed — their existence, when alleged, must be affirmatively proved. (*Smith* v. *Keller,* 205 N. Y. 39; *Matter of O'Brien,* 115 Misc. 728; *Matter of Ruef,* 180 App. Div. 203, 223 N. Y. 582; *Matter of Dowdle,* 224 App. Div. 450, 256 N. Y. 629; *Matter of Schillinger,* 258 N. Y. 186; *Matter of Kindberg,* 207 N. Y. 220; *Lynch* v. *Gibson,* 254 App. Div. 47; *Low* v. *State,* 281 App. Div. 309; *Shallow* v. *Carballal,* 278 App. Div. 328, 303 N. Y. 623; *Matter of Ford,* 279 App. Div. 152, 304 N. Y. 598.)

*Myron Sulzberger, Jr.,* and *Seymour S. Epstein* for respondent. I. The disposition or benefit made by decedent to his sister of one half of all he owned when he was sick, weak and dying and had a wife, children and grandchildren is presumed void and fraudulent and it was incumbent on the sister to rebut this presumption by showing affirmatively by clear and convincing evidence that the disposition or benefit to her was free from deception, fraud and undue influence and was made openly, fairly and voluntarily. (*Butler* v. *Prentiss,* 158 N. Y. 49; *Green* v. *Roworth,* 113 N. Y. 462; *Matter of Smith,* 95 N. Y. 516; *Katzman* v. *Ætna Life Ins. Co.,* 309 N. Y. 197.) II. The trial court's comments concerning burden of proof did not constitute error. (*Fisher* v. *Bishop,* 108 N. Y. 25; *Doheny* v. *Lacy,* 168 N. Y. 213.) III. The trial court properly complied with the directions of the Appellate Division. (*Katzman* v. *Ætna Life Ins. Co.,* 309 N. Y. 197.) IV. The findings of fact and the conclusions of the trial court are supported by sufficient evidence. (*Boyd* v. *Boyd,* 252 N. Y. 422; *Amend* v. *Hurley,* 293 N. Y. 587; *Potts* v. *Pardee,* 220 N. Y. 431; *Rose* v. *Balfe,* 223 N. Y. 481; *Plimb* v. *Richmond Light & R. R. Co.,* 233 N. Y. 285; *Chaika* v. *Vandenberg,* 252 N. Y. 101; *Banker* v. *Haynes Stellite Co.,* 135 Misc. 452.) V. To rebut the presumption of fraud and undue influence or unfairness in a situation involving a confidential or fiduciary relationship, it is the usual rule to require proof that a third and disinterested and competent party advised the donor of all his rights prior to making the distribution, and the execution of the forms in the decedent's handwriting by itself will not overcome the presumption of fraud and undue influence.

*Per Curiam.* In 1923 John A. Cassidy, an employee of the City of New York, designated his wife as sole beneficiary of his retirement fund benefits. On May 15, 1951, he executed Option 1, pursuant to the provisions of the retirement system and made his wife and his sister cobeneficiaries. The defendant and a commissioner of deeds were the only persons present when the decedent executed his retirement papers. Decedent died on August 15, 1951.

The wife of decedent then brought this suit in equity against decedent's sister seeking a judgment declaring defendant to

be a constructive trustee for the plaintiff of upwards of $18,000, which represents one half of decedent's retirement fund benefit. The wife's complaint alleges fraud and undue influence in the execution of Option 1 in that it is claimed that the defendant falsely represented to decedent that it was designed to provide all the benefits for his wife; that decedent believed the representations and that he was in such a weak mental and physical state as to be unable to control his will and was prevailed upon by defendant to execute the option.

Defendant rested at the close of plaintiff's case and the trial court dismissed on the merits. On appeal, the Appellate Division reversed and granted a new trial upon the theory that the sister "owed an explanation" to the plaintiff and the court (283 App. Div. 618, 620). On the second trial, Special Term found for the plaintiff holding that the sister not only had to explain the circumstances surrounding the transaction, but had to carry the burden of proof; that the sister gave no explanation and "in the Court's judgment, no persuasive explanation could have been given." The Appellate Division has affirmed.

The burden of proving the allegations necessary to warrant the imposition of a constructive trust was upon the plaintiff. Had the plaintiff demonstrated fraud and undue influence, prima facie, while the ultimate burden would not shift, the burden of going forward with evidence would have passed to the defendant. However, the plaintiff introduced no evidence to support her allegations of fraud or undue influence. Nor did plaintiff demonstrate, prima facie, that the relationship between the defendant and her brother was of a confidential nature so as to cast upon the defendant the burden of going forward with evidence to show that there had been no abuse of such relationship. Not only was the defendant required to show the facts and circumstances surrounding the execution of the option, as the Appellate Division had on the first appeal suggested, but Special Term incorrectly shifted the burden of proof from the plaintiff to defendant so as to require the defendant to probe the mind of the decedent and explore the mental processes which led to and caused him to designate the cobeneficiaries whom he did. The judgment in favor of plaintiff must be reversed and the complaint dismissed for the reason that plaintiff failed to make out a **prima** facie case for the relief sought by her.

The judgment of the Appellate Division and that of Special Term should be reversed, and the complaint dismissed, with costs in all courts.

CONWAY, Ch. J., FULD, FROESSEL, VAN VOORHIS, BURKE and SCHMIDT*, JJ., concur.

Judgments reversed, etc.

* Designated pursuant to section 5 of article VI of the State Constitution in the temporary absence of DESMOND and DYE, JJ.