■ RUTH I. MEZZ, Appellant, v. SWIM PRODUCTS COMPANY, INC., et al., Respondents.— In an action for an accounting of profits and to recover damages sustained by reason of the sale of merchandise at reduced prices in violation of a contract, the appeal is from an order granting motions to dismiss the complaint for insufficiency, with leave to plead over. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ., concur.

■ FREDERICK ORR et al., Respondents, v. ISADORE WEISSBERGER et al., Copartners Doing Business under the Name of WEISSBERGER & LEICHTER, et al., Appellants, et al., Defendants.— In an action by creditors of an alleged insolvent corporation to set aside transfers of the corporation's property, for an accounting, and for other relief, order, denying appellants' motion to dismiss the complaint as insufficient in law, to sever causes of action, and to require separate statement and numbering of causes of action, affirmed, without costs. Paragraph 59 of the complaint does not allege any cause of action against appellants. Under strict rules of pleading it should have been separately stated and numbered. In view of the facility with which appellants may answer the allegations in that paragraph, and the magnitude of the task of amending the complaint as compared with any advantages thereof, amendment will not be ordered. Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ., concur.

■ MARGARET H. OWENS, Respondent, v. FRANK J. OWENS, Appellant.— In an action for specific performance of a contract, or for alternative relief, the appeal is from an order denying appellant's motion for judgment on the pleadings under rule 112 of the Rules of Civil Practice and section 476 of the Civil Practice Act. Order affirmed, with $10 costs and disbursements. Although we express no disagreement with the disposition of the motion at Special Term, insofar as it involved the defense of *res judicata,* pleaded in appellant's answer, we call attention to the fact that the motion to dismiss, having been made on the pleadings, could not have been granted in any event, on the basis of the allegations contained in that defense which are deemed controverted by traverse or avoidance, as the case requires. (Civ. Prac. Act, § 243; *Gracie Square Realty Corp.* v. *Choice Realty Corp.,* 305 N. Y. 271, 278; *Lipkind* v. *Ward,* 256 App. Div. 74, 75.) The defense asserting the Statute of Frauds was properly before the court on the motion by reason of the admission in respondent's bill of particulars that the contract alleged in the complaint was oral. The motion was properly denied, despite that defense, for the reasons stated at Special Term. (Cf. *Day* v. *New York Central R. R. Co.,* 51 N. Y. 583, 590, and *Katzman* v. *Aetna Life Ins. Co.,* 309 N. Y. 197.) Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ., concur.