Francis X. Conlon, J.
Defendant insurance company moves for an order of interpleader under section 285 of the Civil Practice Act permitting it to deposit with the clerk of this court to the credit of this action, $4,688.50 held by it as and for the full proceeds of four policies of life insurance, and directing defendant to be discharged from all and further liability thereon, and the action herein to be discontinued as to defendant and to be continued against the interpleaded defendant, or, in the alternative, directing the discharge of defendant from liability to the extent of the amount so deposited with permission to defendant to continue in the action for the purpose of contesting any claim by plaintiff or by the interpleaded defendant of any alleged liability of defendant in excess of the amount so deposited, and further directing that the expenses, costs and disbursements herein be charged against and deducted from the amount deposited.
Plaintiff, wife of the insured, institutes this action to collect the proceeds of four policies issued by defendant upon the life of the insured. She alleges that the insured assigned and the insurance company indorsed the policies to her on June 2, 1954, that she has since that date paid the premiums due thereon, that the policies were taken from her possession by the interpleaded defendant without her knowledge and consent, that “ the alleged substitution of another beneficiary was brought about by trickery”, and that she is the sole assignee, donee and beneficiary.
*859 The interpleaded defendant, daughter of the insured, likewise alleges that she is the sole assignee and beneficiary of the policies. Her claim is based upon written assignments and indorsements of the policies to herself, the assignments having been requested on May 7, 1955. The insured died on May 14, 1955.
Defendant insurance company denies knowledge and information sufficient to determine which one of the claimants is entitled to the proceeds of the policies. Both of them have a reasonable and substantial basis for their claims. Defendant is not required to delve into all the facts of the controversy and to decide the close question of fact and law bearing upon the validity of the adverse claims (Rosen v. Equitable Life Assur. Soc., 289 N. Y. 333, 338). The difficulty of deciding questions involved in the conflicting claims in the pending action is aptly illustrated in the recent case of Katzman v. Ætna Life Ins. Co. (309 N. Y. 197) where the factual and legal position is very much like that in the present action. It was alleged therein that the insured made an oral assignment to the plaintiff wife, that plaintiff had paid the whole or a substantial part of the premiums, and that the interpleaded defendant, sister of the insured, had caused the policy to be surreptitiously taken from the possession of the plaintiff and to be assigned to herself. The division of opinion in the courts in that case (the Court of Appeals reversed the Appellate Division of the Supreme Court [285 App. Div. 446], which court had reversed the order of Special Term denying summary judgment) shows the unreasonableness of expecting a layman, unskilled in the law, to decide the complicated questions of fact and law presented in this action. The defendant’s affidavits show that payment cannot be granted to one of the claimants without subjecting defendant to the hazard of a suit by the other, thus exposing it to double liability. An order for interpleader is appropriate relief in the present instance. (Rosen v. Equitable Life Assur. Soc., supra; Crane v. McDonald, 118 N. Y. 648, 654; Natowitz v. Independent Order Ahawas Israel, 149 App. Div. 607; Western Commercial Travelers’ Assn. v. Langeheineken, 139 App. Div. 592; Singer v. New York Life Ins. Co., 160 N. Y. S. 442.) The interpleaded defendant disputes the amount alleged to be due upon the policies. The insurance company deducted outstanding loan indebtedness and the premiums due at the time of the death of the insured from the face amount of the policies. The specific details of the items deducted appear to be set forth in the inter-pleading complaint with honesty and accuracy. However, the *860 interpleaded defendant insists that the face amounts of the policies without deductions are due, and that she has no knowledge or information sufficient to form a belief concerning the items deducted. The supporting affidavits submitted by defendant are inadequate to prove that the checks paid by it were for loans or that the loans, if made, were not repaid. There is, therefore, a proper dispute between the interpleaded defendant and the defendant in regard to the amount due.
The rules governing interpleader have been substantially changed by the enactment of article 28 of the Civil Practice Act in 1954 (L. 1954, ch. 561). Formerly where there was a dispute concerning the amount of the debt, an action in interpleader was barred (Empire Eng. Corp. v. Mack, 217 N. Y. 85). It was necessary that the stakeholder deposit the entire amount of the debt in court, admit full liability, be discharged from all and further liability and thereafter have no interest in the action between the claimants. (Empire Eng. Corp. v. Mack, supra.) Subdivision 5 of section 285 of the Civil Practice Act abolishes the former ground for objection to interpleader “ that the stakeholder avers that he is not liable in whole or in part to any or all of the claimants.” It appears, therefore, that an admission of full liability is no longer required. Subdivision 7 of section 285 provides that a stakeholder, upon depositing in court the amount in dispute, may be discharged in whole or in part from liability for the debt. The amount in dispute means the amount of the debt or a part thereof in dispute between the claimants. If the stakeholder pays into court the whole amount of the debt, he is thereby discharged from all and further liability and the trial proceeds between the claimants without his participation. The amount in dispute is then the amount of the debt. On the other hand, if the stakeholder deposits in court part of the amount of the debt and there is a dispute as to the balance, he is discharged to the extent of the amount deposited and remains in the action to defend his interest in the balance. The sole issue insofar as the stakeholder is concerned is whether or not he is liable for the balance of the debt. The claimants contend for the amount in dispute between them, the part of the debt deposited in court. (Twentieth Annual Report of N. Y. Judicial Council, 1954, pp. 68-69.)
Defendant herein is discharged from liability to the extent of the amount deposited by it in court, remaining in the action to defend itself against the claim of the interpleaded defendant to the balance of the debt, namely, the deductions for outstanding loans and unpaid premiums. Plaintiff has not disputed *861 the amount offered for deposit by defendant. She has not, as the interpleaded defendant has, claimed the whole amount of the proceeds of the policies without deductions. Formerly, the rule was that the claimants must claim the same thing (Crane v. McDonald, supra). The new procedure, however, authorizes claims which “ do not have a common origin or are not identical but are adverse to and independent of one another ” (subd. 5). The difference in claims is not a bar to interpleader. While the amount of the deductions is at issue between defendant and the interpleaded defendant, the claimants contend 'for ownership of the amount in dispute between them, which, in view of plaintiff’s claim, is the amount deposited by the defendant. Thus, all the issues are decided in one action.
In view of the fact that the insurance company has without fault of its own been placed in the dilemma of being sued by one claimant if it pays the other, and has been compelled to seek relief by way of this motion for interpleader, it is entitled to the costs, expenses and disbursements of said motion to be withheld from the amount to be deposited in court. The successful claimant is entitled to interest at the statutory rate.
Motion for interpleader as stated in the alternative is granted. Defendant is permitted to deposit $4,688.50 with the clerk of this court to the credit of this action, and, upon said amount being so deposited, the court directs the discharge of defendant from liability to the extent of the amount so deposited, with permission to defendant to continue in the action for the purpose of defending any claim against it for an amount in excess of the amount deposited. The court further directs in its discretion that all expenses, costs and disbursements of this motion be charged against and deducted from the amount to be deposited, and that interest at the rate stated in subdivision 7 of section 285 of the Civil Practice Act shall be paid by defendant to the successful claimant from the day of notification of the death of the insured up to the day on which the deposit is made in court.
Settle order.