James S. Brown, J.
This is a motion to vacate plaintiffs’ notice of examination before trial. Plaintiffs, children of Minnie Telsey Seigal, deceased, bring this action against Thomas *516 Telsey, a son of decedent, individually and as executor of said decedent’s estate, and another. The complaint contains three causes of action. The first is based upon an alleged agreement between plaintiffs, the defendant brother and their mother whereby, in consideration of their foregoing the payment of legacies left to plaintiffs under the will of their deceased father, and to prevent a forced sale of certain real property to pay such legacies, the decedent agreed to divide all her real and personal property amongst all her children, share and share alike, and retain such real property and use the income therefrom until her death and, in reliance thereon, plaintiffs renounced all right to the bequests due from their father’s estate; that the decedent mother, in violation of the agreement, and without the knowledge of plaintiffs, made a last will leaving all her property to defendant Telsey; that contrary to said agreement the decedent sold the real estate to the other defendant, named herein, and received cash and a mortgage in payment of the purchase price and that the decedent assigned said mortgage and all her other personal property to the defendant Telsey without consideration. The second cause of action alleges undue influence and also that decedent was incompetent to understand the nature of her acts. The third cause of action alleges a conspiracy between defendant Telsey and the other defendant to obtain the real estate from decedent to deprive plaintiffs of their share in decedent’s estate.
The defense is a general denial and the Statute of Frauds. Plaintiffs’ bill of particulars states that the agreement set forth in the complaint was oral. The will of decedent has been filed for probate in the Bronx County Surrogate’s Court and a citation issued.
Defendant Telsey objects to the examination in its entirety on the ground that the Statute of Frauds is a complete defense thereto and hence since plaintiffs have no cause of action no examination can be allowed. The case of Meltzer v. Koenigsberg (99 N. Y. S. 2d 143, affd. 277 App. Div. 1050, affd. 302 N. Y. 523) is urged as authority that the agreement sued upon, being oral, is barred by the Statute of Frauds (Personal Property Law, § 31). However, as was pointed out by Mr. Justice Walsh, in that case there was no showing of a fiduciary relationship between the parties or “ that the parties dealt with each other on an unequal basis or that the agreement in question was the result of undue influence, overreaching, deception or mistake.” (P. 148.) It was further pointed out therein (p. 148) that “ The agreement relied upon was allegedly made between the plaintiffs and the defendant. The father was not *517 a party to it. The instant action is not predicated on the theory of a constructive trust where the Statute of Frauds would not be operative, as in cases like Foreman v. Foreman, 251 N. Y. 237, 167 N. E. 428 and Blanco v. Vellez, 295 N. Y. 224, 66 N. E. 2d 171.” Here the mother of plaintiffs allegedly was a party to the agreement and the action is predicated on the theory of a constructive trust. “ The Statute of Frauds cannot be used as a defense against fraud or the abuse of a confidential relationship in the acquisition and retention of real property ” (McGowan v. McGowan, 4 Misc 2d 165, affd. 277 App. Div. 897).
As was stated by the court in Blanco v. Vellez (supra, p. 226): “ The right sought here is not to enforce an oral agreement, the performance of which is not to be completed before the end of a lifetime, or to enforce an oral contract to establish a trust, but to enforce an express parol trust which comes clearly within the rule of Hirsh v. Auer (146 N. Y. 13), and which does not come within the purview of Personal Property Law, section 31, subdivisions 1 and 8, as amended.”
The examination of defendant Telsey, individually, is granted and the motion is disposed of as follows: Items 1, 2, 3, 7, 8,"9 and 10 are allowed; items 4, 5, 6, 11, 12 and 13 are disallowed at this time without prejudice to a further application therefor if such items are not sufficiently inquired into in any examination had in the Surrogate’s Court, in connection with the proceedings to probate the will of decedent; item 14 is disallowed as being too vague and indefinite.
Such examination will be held at Special Term, Part II, of this court within 10 days after publication of this decision. Settle order on notice.