◼ PAUL KERN et al., Appellants, et al., Plaintiff, v. METROPOLITAN LIFE INSURANCE COMPANY, Defendant, and MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY et al., Respondents. MASSACHUSETTS MUTUAL LIFE

INSURANCE COMPANY, Defendant and Interpleading Plaintiff, v. KATHERINE K. DERDELINGHEN et al., Claimants and Interpleaded Defendants.— In an action to declare an oral express trust in favor of all the children of one Charles Kern, deceased, with respect to the proceeds of certain life insurance policies which designated the defendant Katherine Hoffman, nee Kern, as the beneficiary thereof, plaintiffs Paul Kern and Henry Kern appeal: (1) from an order of the Supreme Court, Kings County, dated April 11, 1961, which granted the said Katherine Hoffman's motion for summary judgment; (2) from an order, dated May 9, 1961, which denied reargument of said motion; and (3) from the judgment entered thereon May 11, 1961. Order of April 11, 1961, modified: (a) by striking out all its decretal paragraphs except the fourth (which dismissed the complaint as against the defendant Metropolitan Life Insurance Company); and (b) by adding a paragraph denying the motion for summary judgment. As so modified, order affirmed, with $10 costs and disbursements to plaintiffs Kern against defendant Katherine Hoffman. Appeal from order of May 9, 1961, dismissed, without costs; an order denying reargument is not appealable. Judgment, entered May 11, 1961, vacated, without costs. The action to declare the oral express trust is maintainable and the Statute of Frauds is not a defense thereto (*Blanco* v. *Velez*, 295 N. Y. 224). Plaintiff Paul Kern is not barred by section 347 of the Civil Practice Act from testifying to the facts concerning the creation of such trust (*Ward* v. *New York Life Ins. Co.*, 225 N. Y. 314). The issue of credibility as between plaintiffs and the named beneficiary of the policy issued by the defendant Massachusetts Mutual Life Insurance Company must be determined upon a trial. Since that company has taken no appeal, its application to deposit the insurance proceeds in court may not presently be determined. Beldock, P. J., Kleinfeld, Hill, Rabin and Hopkins, JJ., concur.