JOSEPH D. ONOFRIO et al., Suing on Behalf of Themselves and All Other Members of Playboy Club of New York, Inc., Similarly Situated, Appellants, *v.* PLAYBOY CLUB OF NEW YORK, INC., Respondent, et al., Defendants.

First Department, December 3, 1963.

*Anthony Lo Frisco* of counsel (*John D. Kousi* and *Donald G. McCabe* with him on the brief; *Lo Frisco, Kousi & McCabe,* attorneys), for appellants.

*Milton Pollack* of counsel (*Samuel N. Greenspoon* with him on the brief), for respondent.

Botein, P. J. This is an appeal from an order granting the major portion of the relief sought by defendant-respondent's motion to dismiss each of two causes of action contained in a consolidated amended complaint asserting a class action on behalf of a large number of alleged members of defendant club.

The first cause of action seeks to impress a constructive trust upon and secure an accounting for a large fund created through individual contributions made by the members of the club; and plaintiffs claim that such members, as beneficiaries of the resulting constructive trust, can maintain a class action. This cause of action was properly dismissed, since plaintiffs do not claim fraud, merely breach of an agreement, and there does not appear to have been any confidential relationship between the parties (*Cassidy* v. *Cassidy,* 309 N. Y. 332; *Peppard Realty Co.* v. *Emdon,* 204 App. Div. 8). Furthermore, plaintiffs have an adequate remedy at law, as will be indicated.

Special Term granted that branch of the motion addressed to the second cause of action, which alleged breach of the numerous contracts entered into between the members of the class and defendant, to the extent of holding that this cause of action may not be maintained by the named plaintiffs as representatives of a class, but that each of them should separately state and number his cause of action.

In such cases as *Brenner* v. *Title Guar. & Trust Co.* (276 N. Y. 230), *Society Milion Athena* v. *National Bank of Greece* (281 N. Y. 282), *Kahlmeyer* v. *Green-Wood Cemetery* (287 N. Y. 787) and *Noel Holding Corp.* v. *Carvel Dari-Freeze Stores* (140 N. Y. S. 2d 640, affd. 286 App. Div. 1066), a thread runs from the defendant to each member of the putative class but none operates as a common binding among the members themselves. That is not the instant pattern. Alleged here is that there was collected a $25 contribution from each of approximately 50,000 persons upon the undertaking that it would use the fund thus collected solely to acquire, operate and maintain a private club for the exclusive use of the contributors; and that the Playboy Club organization failed to provide such a club but instead utilized the contributions to finance a restaurant for the use and enjoyment of the public at large. Return of the contributions is the relief sought and would seem to be the only species of recovery available. While the Playboy undertakings with the contributors were individual with each, they exhibit sufficient interdependence to satisfy the " common or general interest " requirement (Civ. Prac. Act, § 195; CPLR 1005, subd. [a]). A club, obviously, cannot be established by the expenditure of $25; each contributor understood that his money would be combined with that of his fellows to finance the enterprise; and a club enterprise is plainly a common one.

A comparable situation was considered in *Beeching* v. *Lloyd* (3 Drew. 227) and was similarly decided. In that case it was alleged that subscriptions to shares in a projected stock company had been obtained fraudulently. The subscriptions were paid into a banking house and two of the subscribers brought a representative action on behalf of themselves and other subscribers for return of their deposits. To adapt the language of *Beeching* v. *Lloyd* to the present case, there is not only a common object or purpose as concerns the defendant but also a common object or purpose on the part of the contributors (and, see, *Markt & Co.* v. *Knight S. S. Co.* [1910], 2 K. B. 1021, 1031–1032, 1045–1046; The Annual Practice, 1963, vol. 1, p. 338). The same reasoning would appear to underlie the decision in *Ackert* v. *Union Pacific R. R. Co.* (4 A D 2d 819). There stockholders of Spokane

International Railroad Company agreed with Union Pacific, which wished to acquire control of Spokane, to exchange their stock for stock of Union Pacific, and for that purpose lodged their certificates with a depositary. It was a condition of each agreement, inserted to free the transactions from Federal income tax consequences, that the exchange offer should be accepted by the holders of 80% or more of Spokane stock. A community of interest among the Spokane stockholders thus arose from their common object, although their agreements with Union Pacific were several. Upon allegations that the Interstate Commerce Commission had not approved the exchange within the time limited by the agreements for such approval, the court permitted a class suit for recovery of the deposited stock.

A class action seems otherwise fully appropriate here. The members of the class are extremely numerous, the stake of each small, the expenses of conventional, individual litigation out of all proportion to such a stake, the issues to be litigated are common, the relief available uniform (see, also, *Atkins* v. *Trowbridge,* 162 App. Div. 161, 629). We deal with a complaint and note the express and comprehensive protective powers granted the court by subdivision (b) of section 1005 of the Civil Practice Law and Rules.

The order entered August 7, 1963 should be modified, on the law, to provide that defendant-respondent's motion, to the extent addressed to the second cause of action, is denied, and otherwise affirmed, with costs to abide the event. The appeal from the short-form order entered June 25, 1963 should be dismissed, without costs.

STEVENS, J. (dissenting in part). The majority finds there is sufficient interdependence between the various transactions here involved to satisfy the '' common or general interest '' requirement of section 195 of the Civil Practice Act (CPLR 1005, subd. [a]) so as to permit maintenance of a class action for damages for breach of contract. I am unable to agree.

The plaintiffs, sometime prior to December 9, 1962, each paid $25 membership fee to the Playboy Club organization. Each executed a separate contract, if the membership application be so termed, in which appeared the following: '' I understand that if membership application is accepted I will receive a key entitling me to full lifetime membership privileges at *all* Playboy Clubs in whatever cities they are now or may * * * be established. I also understand that credit will be extended to me ·* * * at *each* and *every* Playboy Club location '' (emphasis supplied). No other representation appears in the

application. Plaintiffs allege receipt of the keys and do not claim denial of credit, or of membership privileges at other Playboy Clubs. Plaintiffs, 5 out of an asserted 50,000 (plaintiffs' estimate), seek damages in the sum of $1,250,000, the total sum purportedly collected from the 50,000, an accounting and repayment, together with counsel fees. Their second cause of action is based upon an alleged breach of contract by Playboy Club of New York, Inc., in failing to acquire, operate and maintain a private club.

The first question must be whether the issue is one of common or general interest to all persons who became members so as to empower plaintiffs to act in their behalf without express authorization. There must be a union or community of interests to warrant a representative action. "Separate wrongs to separate persons, though committed by similar means and even pursuant to a single plan, do not alone create a common or general interest in those who are wronged." (*Society Milion Athena* v. *National Bank of Greece*, 281 N. Y. 282, 292; *Medvec* v. *333 East 69th St. Corp.*, 14 A D 2d 849.)

That part of the motion pursuant to rule 103 and subdivision 2 of rule 107 of the Rules of Civil Practice directed to the second cause of action, and the papers in support thereof, make clear that plaintiffs seek to have the corporate entity of Playboy Club of New York, Inc. disregarded and claim, at most, a partial failure of consideration. How important is the alleged breach of contract to other members cannot be determined, nor even if they desire to destroy whatever benefits are presently conferred, by their status. Common wrongs do not necessarily confer common rights or authorize a single common action. These plaintiffs have no interest in any cause of action or recovery by others, and it may well be that the remedy desired by other members differs from that sought here, i.e., the destruction of a particular enterprise and disbursement of possible invested capital. This action seeks to deprive such members of their choice of remedies. Moreover, it would be a repudiation of the only tie they have in common (*Brenner* v. *Title Guar. & Trust Co.*, 276 N. Y. 230).

Appellants assert the contracts included letters of solicitation, promotional material, advertisements, etc., issued over a period in excess of two years. If we assume this to be true, it should appear to what incentive each member responded, and whether there is a breach of the proposal as such member understood it and whether such breaches are identical. This is not the case of a single joint right or single joint liability. For while it is alleged there was a failure of consideration, it does not affirma-

tively appear that the extent of the failure in each case, if failure there was, is the same. The measure of recovery may well vary with the nature and extent of the wrong. A presumption of common purpose by the members attaching only to one part of the alleged consideration is hardly warranted.

This is not a stockholders' derivative action, or an action where common cause and the dictates of justice and expediency warrant a representative action. To permit 5 out of 50,000, under the circumstances here shown, to maintain a representative action could lead to an absurd consequence. A few disgruntled persons in a large enterprise could seek its destruction by this method. This would seem an undue extension of the principle and hardly one contemplated by the statute.

I therefore dissent in part and vote to affirm the entire order appealed from.

BREITEL, McNALLY and STEUER, JJ., concur with BOTEIN, P. J., STEVENS, J., dissents in part in opinion.

Order, entered on August 7, 1963, modified, on the law, to the extent of denying defendant-respondent's motion insofar as it is addressed to the second cause of action, and, as so modified, affirmed, with costs to abide the event.